22270.   SOUTH GEORGIA FARMERS FIRE INSURANCE ASSOCIATION
*v.* SMITH.

JENKINS, P. J.   1. While a policy of fire insurance is required to be in writing, "delivery is not necessary, if, in other respects, the contract is consummated." Civil Code (1910), § 2470; *Home Insurance Co.* v. *Swann,* 34 *Ga. App.* 19 (128 S. E. 70); *Home Ins. Co.* v. *Clinkscales,* 35 *Ga. App.* 360 (133 S. E. 289), 36 *Ga. App.* 601 (137 S. E. 304); *Home Ins. Co.* v. *Freeman,* 42 *Ga. App.* 481 (156 S. E. 461).

2. In the instant suit it appears, without dispute, that the policy of fire insurance sued on was actually issued by the defendant, a mutual assessment association, and that the minds of the parties met upon all the essential elements of the contract. According to the testimony of the plaintiff, the policy was actually signed by him, and by the defendant through its authorized agent. According to the testimony on behalf of the defendant, it was not signed by the plaintiff, but was signed by the company's agent. According to the testimony for both plaintiff and defendant, the policy was left in the custody of one of the directors of the mutual company, to be delivered to the plaintiff upon his payment of a specified "matriculation fee," the witnesses for the defendant testifying that the plaintiff was to sign the policy upon such delivery being made, and the plaintiff testifying that he had already signed it. According to the testimony of the plaintiff, he paid assessments thereafter levied on policyholders by the defendant company to the director of the company with whom the policy had been left, and on each occasion offered to pay the "matriculation fee," but was informed by the director that the policy had been lost and a new one would have to be issued, the testimony of the plaintiff being to the effect that he paid the last assessment made about "October 1st" before the fire, which occurred November 28. The defendant contended that the "matriculation fee" had never been paid or tendered, and that all the assessments paid were tendered back to the plaintiff before the fire, and that the policy, if ever of force, had lapsed for nonpayment of an assessment due October 1st. The plaintiff testified that no such tender was made until after the fire. *Held:* The verdict in favor of the plaintiff was authorized.

3. The charge of the court in the language of this court in *Todd* v. *German*

*American Insurance Co.*, 2 *Ga. App.* 789 (59 S. E. 94), was not error. The use in connection therewith of the language, employed in the decision in that case, that "all these essential elements need not, however, be expressly negotiated upon, but may be understood from custom, course of dealing, or other circumstances from which assent to them may be fairly implied," could not have been harmful to the defendant, since it appeared, without dispute, that all the essential elements of the contract were actually agreed upon, and the policy issued, delivery being withheld pending payment of the "matriculation fee."

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED NOVEMBER 8, 1932.

*B. B. Earle,* for plaintiff in error.
*W. J. Hammond, D. Roy Hay,* contra.